Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001029
10-MAR-2015
11:11 AM

NO. CAAP-14-0001029

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ONE WEST BANK, FSB, Plaintiff-Appellee,
v.
WARREN ROBERT WEGESEND, SR. and THELLDINE LINMOE WEGESEND,
Defendants-Appellants,
and
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver
for Washington MUTUAL BANK and MILILANI TOWN ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0909-03)

ORDER
(1) GRANTING IN PART AND DENYING IN PART
THE FEBRUARY 16, 2015 MOTION FOR RECONSIDERATION
AND
(2) ADDITIONAL SANCTION ISSUED TO ROBERT STONE
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) the February 16, 2015 motion for reconsideration pursuant to Rule 40 of the Hawai'i Rules of Appellate Procedure (**HRAP**) of this court's February 4, 2015 order dismissing the appeal and sanctioning Robert Stone (**Motion**) by Defendants-Appellants Warren Robert Wegesend, Sr., and Thelldine Linmoe Wegesend (**Appellants**), by and through and in conjunction with their attorney Robert Stone (**Stone**), and the

February 16, 2015 Declaration in support of motion filed by Stone, as amended by the February 25, 2015 Declaration in support of motion filed by Stone; (2) the memorandum in opposition (**Opposition**) filed by Plaintiff-Appellee OneWest Bank, N.A. (**Appellee**), through counsel Jesse W. Schiel on February 18, 2015; (3) Appellants' reply, filed February 25, 2015; and (4) the record, it appears that:

(1)     Stone asserts that he failed to receive notice of the January 16, 2015 order to show cause but the Judiciary Information Management System **(JIMS)** confirms the document was electronically served on Stone at both the primary and secondary e-mail addresses he provided as a Judiciary Electronic Filing System **(JEFS)** User;

(2)     Stone is responsible for monitoring the docket for this appeal and he does not assert that he was unable to view the JEFS docket, or that he failed to receive notification of any other documents filed in this case;

(3)     JIMS confirms that each document filed in this appeal was electronically served on Stone at both his primary and secondary e-mail addresses;

(4)     Stone asserts that his failure to monitor the docket for this case was attributable to his illness from December 29, 2014, and including January 16, 2015, to February 4, 2015;

(5)     But Stone does not refute the facts presented in the Opposition that he appeared at oral argument in a bankruptcy proceeding on January 22, 2015, and also worked on January 28, 2015, where he e-mailed Appellee's counsel that his "calendar" was a "mess";

(6)     The record is still insufficient and contrary to this court's January 16, 2015 order, because attaching to the Motion a copy of the judgment and order on appeal does not properly supplement the record consistent with HRAP Rule 10(e)(2)(B), and where it was Stone's responsibility to ensure, consistent with HRAP Rule 11(a), that the appealed order was part of the record such that the record was sufficient to review the points of error;

(7) Although the Civil Appeals Docketing Statement (**CADS**) was filed on February 9, 2015, five days after the appeal had already been dismissed, the CADS was due, pursuant to HRAP Rule 3.1, on July 31, 2014, at the same time the notice of appeal was filed, and irrespective of Stone's asserted "delegation" of that responsibility, it was Stone's responsibility to monitor and ensure that the CADS was timely filed without any reminder by the court;

(8) Although Stone asserts in the February 25, 2015 amended declaration that he paid, on February 14, 2015, the sanction ordered in the February 4, 2015 order, Stone failed to submit the sanction payment made out to the Director of Finance, along with a copy of the sanction order, to the <u>appellate clerk</u> as instructed in the February 4, 2015 order; and

(9) We will reconsider dismissal of the appeal resulting from Stone's errors.

Therefore, IT IS HEREBY ORDERED that the Motion is granted in part and denied in part as follows:

1. Reconsideration of the dismissal of the appeal is granted and the appeal is reinstated.

2. Within fourteen days from the date of this order, Appellants shall file a reply brief, or notice that no reply brief will be filed, consistent with HRAP Rule 28(d), unless the time is otherwise extended pursuant to HRAP Rule 29(b).

3. Stone shall, within ten days after the entry of this order, move the circuit court in Civil No. 13-1-0909-03, pursuant to HRAP Rule 10(e)(2)(B), to supplement the record on appeal with the circuit court's September 11, 2014 judgment and September 11, 2014 order;

4. Reconsideration of the sanction order is denied; and

5. Failure to comply with this order may result in an additional $100.00 sanction and dismissal of the appeal.

IT IS FURTHER HEREBY ORDERED that Stone is sanctioned an additional $50.00 for failure to comply with the February 4, 2015 sanction order. The instant sanction shall be paid by the

attorney personally, without reimbursement. A check in the amount of said sum, payable to the State Director of Finance, shall be deposited with the appellate clerk's office within ten days from the date of this order, with a copy of this order attached to said check. An affidavit of counsel attesting to said payment shall be filed with this court within ten days after entry of this order. Failure to comply with this order may result in additional sanctions.

IT IS FURTHER HEREBY ORDERED that the appellate clerk shall electronically serve and additionally shall mail a copy of this order to Stone.

IT IS FURTHER HEREBY ORDERED that the appellate clerk shall immediately mail a copy of this order to the Office of Disciplinary Counsel (ODC) for investigation. In referring this matter to ODC, the court does not express an opinion as to whether violations of the Hawai'i Rules of Professional Conduct or the Rules of the Supreme Court of the State of Hawai'i have occurred.

DATED: Honolulu, Hawai'i, March 10, 2015.

Presiding Judge

Associate Judge

Associate Judge